**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

David W. Keller, Respondent,

v.

ING Financial Partners, Inc., William C. Johnson, Diversified Business Concepts, Inc., and Jackson National Life Insurance Company, Defendants,

Of whom ING Financial Partners, Inc., William C. Johnson, and Diversified Business Concepts, Inc., are, Appellants.

Appellate Case No. 2011-193026

_____

Appeal From Greenville County
D. Garrison Hill, Circuit Court Judge

_____

Unpublished Opinion No. 2013-UP-014
Heard October 2, 2012 – Filed January 9, 2013

_____

**AFFIRMED**

_____

Thomas Chase Samples, of Jackson Lewis LLP, of Greenville, for Appellants.

Robert DeWitt Thomas, of Andersen Tate & Carr PC; and H. Donald Sellers and J. W. Matthews III, of

Haynsworth Sinkler Boyd PA, all of Greenville, for Respondent.

---

**PER CURIAM:**  ING Financial Partners, Inc., William C. Johnson, and Diversified Business Concepts, Inc. (collectively, Appellants) appeal the circuit court's denial of their motion to compel arbitration.  The circuit court found the arbitration agreement between the parties designated the National Association of Securities Dealers (NASD) as an exclusive arbitral forum, the NASD was unavailable to arbitrate because it no longer existed, and the court could not substitute the Financial Industry Regulatory Authority (FINRA) for NASD.  We affirm.

Under Iowa law, the interpretation of an arbitration agreement involves two steps: (1) "to determine whether there is a valid agreement to arbitrate" and (2) "to determine whether the controversy alleged is embraced by that agreement." *Gen. Conference of Evangelical Methodist Church v. Faith Evangelical Methodist Church*, 809 N.W.2d 117, 120 (Iowa Ct. App. 2011).  The court must use general principles of contract law in determining the validity of an arbitration agreement. *Bullis v. Bear, Stearns & Co.*, 553 N.W.2d 599, 602 (Iowa 1996).

The Federal Arbitration Act (FAA) does not confer an absolute right to compel arbitration, but only a right to obtain an order directing that "arbitration proceed in the manner provided for in [the parties'] agreement." *Volt Info. Scis., Inc. v. Bd. of Trs. of Leland Stanford Junior Univ.*, 489 U.S. 468, 469 (1989).  Section 5 of the FAA provides:

> If in the agreement provision be made for a method of naming or appointing an arbitrator or arbitrators or an umpire, such method shall be followed; but if no method be provided therein, or if a method be provided and any party thereto shall fail to avail himself of such method, or if for any other reason there shall be a lapse in the naming of an arbitrator or arbitrators or umpire, or in filling a vacancy, then upon the application of either party to the controversy the court shall designate and appoint an arbitrator or arbitrators or umpire, as the case may require, who shall act under the said agreement with the same force and effect as if he or they had been

specifically named therein; and unless otherwise provided in the agreement the arbitration shall be by a single arbitrator.

9 U.S.C.A. § 5 (2011).

The parties' arbitration agreement designates an exclusive arbitral forum that is no longer available to arbitrate. First, Appellants' motion to compel arbitration and initial brief on appeal admit FINRA is the "successor entity to the NASD." Second, the agreement states "any dispute between you and me arising out of this agreement shall be submitted to arbitration conducted under the then applicable provisions of the code of arbitration procedure of NASD." NASD's rules indicate that conducting arbitration "under the then applicable provisions of the code of arbitration procedure of NASD" mandates arbitration before the NASD itself,[1] and most jurisdictions' interpretations of similar agreements support this construction.[2]

Further, this court cannot rewrite the parties' agreement to substitute FINRA for NASD. Neither Iowa state nor the Eighth Circuit Court of Appeals have decided whether a court may substitute an arbitral forum when a designated forum has become unavailable to arbitrate. Among federal circuit courts, a split exists on the issue. In the absence of any controlling law, therefore, we opt to follow *Grant v. Magnolia Manor-Greenwood, Inc.*, 383 S.C. 125, 678 S.E.2d 435 (2009). There, our supreme court saw "great merit in the Second Circuit's view that Section 5 [of the FAA] does not apply in cases where a specifically designated arbitrator becomes unavailable" to arbitrate. *Id.* at 131, 678 S.E.2d at 438 (approving of *In re Salomon Inc.*, 68 F.3d 554 (2d Cir. 1995)). In *Salomon*, the Second Circuit held

---

[1] *See* NASD Rule 10314(a)(1)-(2) (providing "an arbitration proceeding under this Code shall be instituted" by a claimant filing "with the Director of Arbitration an executed Submission Agreement, a Statement of Claim of the controversy in dispute, together with the documents in support of the Claim, and the required deposit").

[2] *PaineWebber, Inc. v. Rutherford*, 903 F.2d 106, 107-08 (2d Cir. 1990); *In re Salomon Inc.*, 68 F.3d 554, 559 (2d Cir. 1995); *Luckie v. Smith Barney, Harris Upham & Co., Inc.*, 999 F.2d 509, 511 (11th Cir. 1993); *see also Roney & Co. v. Goren*, 875 F.2d 1218, 1219-20, 1223 (6th Cir. 1989); *Reddam v. KPMG LLP*, 457 F.3d 1054, 1059-60 (9th Cir. 2006); *Brown v. ITT Consumer Fin. Corp.*, 211 F.3d 1217, 1222 (11th Cir. 2000).

Section 5 of the FAA permits substitution only "when there is 'a lapse in time in the naming of the' arbitrator or in the filling of a vacancy on a panel of arbitrators, or some other mechanical breakdown in the arbitrator *selection process*." *See Salomon*, 68 F.3d at 560 (emphasis added). This case does not present a breakdown in *the process of selecting* an arbitrator because the arbitral forum does not exist. Regardless of any similarities between NASD's and FINRA's procedural rules, therefore, we cannot impose upon the parties the power of an arbitral forum that they did not agree to submit to. As a result, the trial court properly denied Appellants' motion to compel arbitration.

**AFFIRMED.**

**HUFF, THOMAS, and GEATHERS, JJ., concur.**